IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CR C-05-746M |
| | § | |
| DIANA ZAMORA | § | |

## ORDER

Defendant, Diana Zamora, was criminally charged with driving while intoxicated on federal property. (D.E. 1, at 1). Bay Area Healthcare Group, Ltd. doing business as Corpus Christi Medical Center-Bay Area ("Bay Area") moves the Court to quash a subpoena for defendant's medical records, and that it be protected from disclosing the requested medical records. (D.E. 10).

## BACKGROUND FACTS

In the criminal information, the government charges that defendant, on or about May 16, 2005, was cited for driving while intoxicated on the Corpus Christi Naval Air Station. (D.E. 1, at 1). It further alleges that she was cited with driving while intoxicated because she operated a motor vehicle in a public place "while intoxicated, namely, while having either an alcohol concentration of 0.08 or more; or while not having the normal use of mental or physical faculties by reason of introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of those substances into the body." Id.

On December 5, 2005, the government caused a subpoena to be served, commanding Bay Area to provide defendant's medical records by December 15, 2005. (D.E. 10, Ex. A). The subpoena requested defendant's medical records from May 16, 2005 to the present. Id. While in police custody following her arrest, defendant began to complain of asthma. Consequently, she was taken to Bay Area for examination. The government contends that on the day of the criminal incident, May 16,

2005, defendant submitted to a blood alcohol test at Bay Area. (D.E. 13, at 3). Bay Area filed this motion on December 15, 2005, challenging the requested disclosure. (D.E. 10). Bay Area argues that, pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Texas Health and Safety Code Section 81.103, and Section 290dd-2 of Title 42 of the United States Code, it is prohibited from releasing defendant's medical records.

On December 19, 2005, the government filed its response to this motion, asserting that the motion for protection and to quash the subpoena should be denied. (D.E. 13). First, it argues that HIPAA allows disclosure without patient consent for legitimate law enforcement purposes in a pending criminal investigation. (D.E. 13, at 2). It further argues that in this case, the medical records "were requested appropriately by a subpoena issued by the Clerk of the Court." Id. Second, the government asserts that section 81.103, which prohibits disclosing test results for acquired immune deficiency syndrome ("HIV") is preempted by HIPAA, and therefore, cannot be relied on by Bay Area to support its allegation that it is prohibited from disclosing defendant's medical records. Id. Finally, it argues that section 290dd-2 allows disclosure of confidential records relating to substance abuse and mental health treatment by "an appropriate order of a court of competent jurisdiction granted after application showing good cause...." Id. at 3 (citing 42 U.S.C. § 290dd-2(2)(C)).

The government asserts that there is evidence that defendant submitted to a blood alcohol test at Bay Area on May 16, 2005. (D.E. 13, at 3). Because the criminal charge in this case is driving while intoxicated, the government claims that there is good cause for disclosure because the need for disclosure of defendant's blood alcohol level outweighs potential injury to the patient. Id.

## DISCUSSION

A.  **Disclosures Pursuant To HIPAA.**

Pursuant to HIPAA, individually identifiable medical information cannot be disclosed by covered entities without the consent of the individual unless disclosure was expressly permitted by HIPAA. 45 C.F.R. § 164.502.

There are several instances where disclosure is permitted without authorization from the individual. 45 C.F.R. § 164.512. "A covered entity may use or disclose protected health information to the extent that such use or disclosure is <u>required by law</u> and the use or disclosure complies with and is limited to the relevant requirements of such law." 45 C.F.R. § 164.512 (emphasis added). "Required by law" is defined as "a mandate contained in law that compels an entity to make a use or disclosure of protected health information and that is enforceable in a court of law." 45 C.F.R. § 164.103. "Required by law includes, but is not limited to, court orders and court-ordered warrants; subpoenas or summons issued by a court, grand jury, a governmental or tribal inspector general, or an administrative body authorized to require the production of information...." <u>Id.</u> A disclosure made pursuant to § 164.512(a) must meet the requirements outlined in § 164.512(c), (e), or (f). 45 C.F.R. § 164.512(a)(2).

Section 164.512(f) provides for disclosure of protected information for law enforcement purposes. 45 C.F.R. § 164.512(f). This section permits disclosures for law enforcement purposes to a law enforcement official as <u>required by law</u>, or in compliance with "(A) A court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer; (B) A grand jury subpoena; or (C) An administrative request, including an administrative subpoena or summons, a civil or an authorized investigative demand, or similar process authorized under law...." 45 C.F.R.

3

§ 164.512(f)(1)(ii).

As an initial matter, pursuant to § 164.512(f)(1)(ii)(C), information sought must be relevant and material to the law enforcement inquiry, the request must be specific and limited in light of the information sought, and de-identified information could not be reasonably used. The government, however, asserts that neither the Office of the United States Attorney, nor the United States Navy have the authority to issue administrative subpoenas. Based on this concession at oral argument, § 164.512(f)(1)(ii)(C) cannot provide a basis for the government to obtain the records that it seeks.

Section 164.512(f)(1)(ii)(A) provides for disclosure to comply with a subpoena or summons issued by a judicial officer. The regulation, however, does not define the term judicial officer. In this case, the subpoena was signed by the Clerk of this Court. (D.E. 10, Ex. A). The government contends that the clerk is a judicial officer, but provides nothing to support this claim.

There is no case law directly addressing whether a clerk is a judicial officer for purposes of § 164.512(f)(1)(ii)(A). The Fifth Circuit has indirectly addressed the question, "hold[ing] that in the absence of specific instructions from a 'judicial officer,' the clerk of the court lacks authority to refuse or to strike a pleading presented for filing." McClellon v. Lone Star Gas Co., 66 F.3d 98, 102 (5th Cir. 1995). Thus, it made a distinction between clerk of the court and judicial officer such that the former is not included within an understanding of the latter. Moreover, other courts have also made a similar distinction between clerk of the court and judicial officer. See, e.g., Garcia-Velazquez v. Frito Lay Snacks Carribean, 358 F.3d 6, 10 (1st Cir. 2004) (noting that clerk office employee was not a judicial officer in addressing the unique circumstances doctrine); Rezzonico v. H&R Block, Inc., 182 F.3d 144, 150-51 (2nd Cir. 1999) (same); United States v. Unger, 700 F.2d 445, 453 (8th Cir. 1983) ("clerk of the court [] is not a judicial officer"). Because there is no support for the government's position that a court clerk is a judicial officer, the government did not properly comply

with § 164.512(f)(1)(ii)(A) in its issuance of the subpoena. Therefore, the subpoena cannot be enforced on that basis.[1]

Nonetheless, HIPAA was passed to ensure an individual's right to privacy over medical records, it was not intended to be a means for evading prosecution in criminal proceedings. Despite the failure to properly serve the subpoena, the government may still be entitled to the medical records based on a court order pursuant to § 164.512(f)(1)(ii)(A). Bay Area and the government have filed a motion to quash, a response by the government, which can be construed as a motion for a court order, and a reply brief. Moreover, a hearing was held January 4, 2006 at which the parties, including defendant, presented oral argument on the question.

The parties did not address the standard for either a court order to be issued or for a judicial officer to issue a subpoena. Even under a probable cause standard, however, the government has established that production of defendant's medical records from Bay Area is warranted. See, e.g., United States v. Froman, 355 F.3d 882, 889 (5th Cir. 2004); United States v. Cavazos, 288 F.3d 706, 710 (5th Cir. 2002). Based upon the totality of the circumstances and the evidence in the record, the government has established probable cause justifying the production of the medical records.

**B.     Preemption of Texas Health and Safety Code Section 81.103**.

Bay Area contends that the requested records cannot be released solely upon a subpoena due to Section 81.103 of the Texas Health and Safety Code. This provision provides that the results of HIV tests are confidential, and may not be released except as provided. Tex. Health & Safety Code § 81.103(a). An individual that has been tested may voluntarily consent, in writing, to the disclose test results to a third party. Tex. Health & Safety Code § 81.103(d). Bay Area argues that the

---

[1] The government could have sought the medical records pursuant to § 164.512(e), which provides standards for disclosures for judicial proceedings.

requested records cannot be disclosed without a specific written authorization by defendant.  (D.E. 10, at 2).

The government, however, argues that this <u>state law</u> is preempted by HIPAA.  (D.E. 13, at 2-3).  As a general rule, state law that is contrary to any provision of HIPAA is preempted.  45 C.F.R. § 160.203.  There are exceptions to this general rule including where "[t]he provision of State law relates to the privacy of individually identifiable health information and is more stringent than a standard requirement...."  45 C.F.R. § 160.203(b).  "More stringent" for purposes of this case is where the state law "provides greater privacy protection for the individual who is the subject of the individually identifiable health information."  45 C.F.R. § 160.202.

These arguments ignore the threshold issue of whether defendant had an HIV test performed while at the hospital on May 16, 2005.  Furthermore, Bay Area does not allege that defendant did receive any HIV testing.  Section 81.103 cannot be violated if there was no HIV test.  Bay Area has not established that § 81.103 is even applicable in this case.

Even assuming that defendant did undergo HIV testing as part of her hospital visit, any results would not be relevant to the medical records that the government seeks.  As such, the appropriate remedy would be to redact any references to HIV testing.  Consequently, Bay Area's arguments regarding the applicability of § 81.103 in this case must fail.

### C.   Confidentiality Of Records Pursuant To 42 U.S.C. § 290dd-2.

This federal statute requires confidentiality of records concerning a patient's substance abuse, or mental health treatment.  42 U.S.C. § 290dd-2(a).  Bay Area also argues that the disclosure of defendant's medical records may violate 42 U.S.C. § 290dd-2.  The government argues that the treatment defendant received was not by a federally assisted drug and alcohol program within the meaning of the statute and applicable regulations.  Bay Area asserts that because the hospital

participates in Medicare and Medicaid programs that it is federally assisted.

Indeed, Bay Area's argument casts too wide a net. Instead, federal assistance to the program in particular as opposed to the hospital in general is required. See 42 C.F.R. § 2.12(e)(2). More important, its argument directly conflicts with regulations which establish that actions and diagnoses by emergency room medical personnel are not covered:

> these regulations would not apply, for example, to emergency room personnel who refer a patient to the intensive care unit for an apparent overdose, unless the primary function of such personnel is the provision of alcohol or drug abuse diagnosis, treatment or referral and they are identified as providing such services or the emergency room has promoted itself to the community as a provider of such services.

42 C.F.R. § 2.12(e)(1); see also Center for Legal Advocacy v. Earnest, 320 F.3d 1107, 1111-12 (10th Cir. 2003) (holding that emergency room did not qualify as a federally assisted drug and alcohol treatment program under the regulations). Here, there is no evidence that Bay Area's emergency personnel served such a primary function.

Additionally, the statute permits disclosure by an order of a court with competent jurisdiction after a showing of good cause as to why the information should be released. 42 U.S.C. § 290dd-2(b)(2)(C). In making a determination of whether good cause is shown, a court "shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." Id.

Here, the government has shown good cause for the required disclosure of defendant's medical records possessed by Bay Area, where defendant underwent a blood alcohol test on May 16, 2005, the night that she was arrested for driving while intoxicated. Because the government has shown good cause that outweighs any potential adverse effect on defendant, § 290dd-2 does not bar the disclosure of the medical records requested by the government.

**CONCLUSION**

Bay Area's motion for a protective order and to quash the production of defendant's medical record, (D.E. 10), is hereby DENIED. Bay Area is ordered to provide defendant's May 16, 2005 medical records to the government by the close of business Friday, January 13, 2006.

ORDERED this 10th day of January 2006.

```
                            BRIAN L. OWSLEY
                            UNITED STATES MAGISTRATE JUDGE
```